FILED

02 SEP 26 AM 10: 39

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
AKRON



# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 99-53038 |
| | ) | |
| LEVELL GRIFFIN, JR., | ) | CHAPTER 13 |
| | ) | |
| DEBTOR(S) | ) | |
| | ) | |
| LEVERT GRIFFIN, | ) | **ADVERSARY NO. 02-5130** |
| | ) | |
| PLAINTIFF(S), | ) | JUDGE MARILYN SHEA-STONUM |
| | ) | |
| vs. | ) | |
| | ) | **ORDER DISMISSING ADVERSARY** |
| LEVELL GRIFFIN, JR., | ) | **PROCEEDING FOR FAILURE TO** |
| | ) | **STATE ANY CLAIM UPON WHICH** |
| DEFENDANT(S). | ) | **RELIEF CAN BE GRANTED** |

On October 4, 1999, Levell Griffin filed a chapter 13 bankruptcy petition. On Schedule B - Personal Property, 3 automobiles are listed: a 1998 Dodge Durango valued at $20,000.00; a 1996 Dodge Neon valued at $5,000.00 and a 1997 Dodge Neon valued at $6,000.00. On Schedule D - Creditors Holding Secured Claims, Key Bank is listed as holding a security interest in the 1998 Dodge Durango. On Schedule H - CoDebtors, the name of Levert Griffin is set forth as to an unidentified obligation to Key Bank.

The notice of the commencement of Levell Griffin's bankruptcy case was sent to, among others, Levert Griffin at 717 Storer Avenue, Akron, Ohio 44320. [Docket #3 in main chapter 13 case]. Included in that notice was the February 2, 2000 deadline to file a proof of claim. *Id.* Also included in that notice was the time and date for the hearing on confirmation of debtor's proposed chapter 13 plan and an indication to "[s]erve all Objections on Trustee and

AO 72A
(Rev. 8/82)

Debtor's Counsel 5 days prior to confirmation hearing, or objection will be waived." *Id.* Levert Griffin has never alleged that he failed to receive the February 2, 2000 notice and he has never filed a proof of claim in Levell Griffin's chapter 13 bankruptcy proceeding nor did he object to confirmation of debtor's chapter 13 plan. The order confirming Levell Griffin's chapter 13 plan was entered on December 7, 1999. [Docket #15 in main chapter 13 case].

Sometime after the commencement of Levell Griffin's bankruptcy case Key Bank sold the 1998 Dodge Durango at auction notwithstanding that it never sought relief from the automatic stay. However, a motion alleging a violation of the automatic stay has never been filed. According to copies of purchase documents for and title to the 1998 Dodge Durango (which are on file in this adversary proceeding), the only named borrower for and owner of that vehicle is debtor, Levell Griffin. The name of Levert Griffin does not appear anywhere on those documents. [Attachments to Resp. of Key Bank to Mot. for Order Compelling Disc., docket #18]. Accordingly, even if Key Bank were to have filed a motion for relief from the automatic stay as to the 1998 Durango, service of that motion on Levert Griffin would not have been required. Local Bankruptcy Rule 4001-1(a).

On April 2, 2002, Levert Griffin initiated this adversary proceeding by filing, *pro se*, a one paragraph pleading which named Levell Griffin and Key Bank as defendants and which was captioned "Complaint and Motion for Intervention and Service of Complaint on Key Bank, POB 94827 Cleveland, OH 44101." Through that pleading, Mr. Griffin set forth only the following:

Now come Levert K. Griffin, et al, without the aid of counsel hereby request an order granting complaint and motion for intervention and service of complaint on Key Bank, POB 94827, Cleveland, OH 44101. To articulate this motion affixed hereto is a document filed in state court the subject of the matter unsettled.

[Docket #1]. Attached to this pleading is (1) an unsigned but time stamped [1] order from the Summit County Common Pleas Court indicating that the case captioned Levert Griffin v. Levell Griffin, No. 01 05 2258 would be placed on the court's inactive docket because of Levell Griffin's bankruptcy filing and (2) a copy of a four page hand-written pleading apparently filed by Levert Griffin on June 1, 2002 in the aforementioned state court case which is captioned "Opposition to Motion to Dismiss for Failure to State a Claim Civ R 12(B)(b), Hearing Request (Civ R 7)."

On April 18, 2002, Levell Griffin filed an answer which denied all allegations in the complaint and set forth, *inter alia*, that plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted. [Docket #7]. Key Bank did not file an answer but instead filed a motion for a more definite statement from plaintiff alleging that "[t]he Complaint of the Plaintiff is so vague and ambiguous that Defendant, Key Bank USA, National Association cannot reasonably be required to frame an Answer thereto." [Docket #11]. To date, plaintiff has not amended his complaint.[2]

---

[1]  This order contains a June 11, 2001 time stamp from the Summit County Clerk of Courts and an April 2, 2002 time stamp from the Clerk of the U.S. District Court for the Northern District of Ohio at Akron.

[2]  The initial pre-trial conference in this matter was held on May 22, 2002. Participating in that matter were Levert Griffin, *pro se*, and counsel for both named defendants. A further pre-trial conference was scheduled for September 18, 2002. Shortly before the September 18th pre-trial conference Levert Griffin filed a pleading that he captioned "Notice to the Court for an Order." [Docket #19]. Through that pleading Mr. Griffin requests that this adversary proceeding be held "in abeyance until December 5, 2002, until plaintiff Levert K. Griffin is released for judicial release in criminal case no. n/a, per Judge Pat Cosgrove, Summit County, Ohio." *Id.* Nothing is attached to that pleading to evidence Mr. Griffin's alleged incarceration and although the return

AO 72A
(Rev. 8/82)

-3-

In considering whether a complaint should be dismissed for failure to state a claim upon which relief can be granted a court must construe the complaint in the light most favorable to the non-moving party. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). *See also* FED. R. BANKR. P. 7012(b) and FED. R. CIV. P. 12(b)(6). The issue that must be decided is not whether plaintiff will ultimately prevail but whether plaintiff is entitled to offer evidence to support the claims stated in the complaint. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). Thus, a motion to dismiss for failure to state a claim will not be granted unless it appears *beyond doubt* that plaintiff can prove no set of facts in support of the claims which would entitle him to relief. *Id. (emphasis added).* However, a court need not accept as true legal conclusions and unwarranted factual inferences and it need not conjure up unpleaded facts that might turn a frivolous claim into a substantial one. *See, e.g., Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). Generally, a court's review is limited to only the contents of complaint.

In his complaint Levert Griffin does not set forth any factual allegations nor does he cite to a Bankruptcy Code provision or other possibly applicable law upon which he might be entitled to rely upon for relief. Although the Federal Rules of Civil Procedure do not require a plaintiff to set forth in the complaint an intricately detailed description of the facts and law being asserted as a basis for relief, they do require that the complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). The one paragraph of text which forms the complaint in this case fails

---

address on the envelope by which that pleading was sent shows an address in Grafton, Ohio the post mark indicates that the envelope was sent from Cleveland, Ohio. Also, there was no certificate evidencing that the pleading was served on any party in interest. Based upon the deficiencies in that pleading and in the plaintiff's other pleadings in this adversary proceeding, the requested continuance was not granted and the Court held the September 18th status conference as scheduled. Counsel for defendants were present and Mr. Griffin did not appear.

AO 72A
(Rev. 8/82)

-4-

to give any notice to defendants of a legally cognizable cause of action against either defendant-debtor or Key Bank even under the most liberal interpretation of notice pleading.

The two documents that were attached to the complaint also provide no notice of what it is that Levert Griffin is seeking through this adversary proceeding. The order from the Summit County Court of Common Pleas merely indicates that a certain state court action will be placed on the court's inactive docket. The other document makes reference to a letter that Levert Griffin purportedly sent to "Key Bank Jane Doe, Manager" in May 2001 regarding the 1998 Dodge Durango. There are also statements in this document through which Levert Griffin refers to himself as the "owner" of the vehicle. However, there is absolutely no reference in that document to any legal basis upon which Levert Griffin might make a claim for relief against either defendant-debtor or Key Bank through the filing of an adversary proceeding in bankruptcy.

Even if the Court were to look beyond the complaint at other pleadings filed by Levert Griffin in this case there still has been no stated claim upon which relief could conceivably be granted. On April 18, 2002, Levert Griffin filed a 6 page handwritten pre-trial statement. [Docket #6]. Attached thereto were 13 more pages of handwritten information only some of which was cross-referenced in the pre-trial statement. Through the pre-trial statement Mr. Griffin seems to allege that debtor-defendant turned over the 1998 Dodge Durango to Key Bank without his consent. For instance, Mr. Griffin sets forth the following:

AO 72A
(Rev. 8/82)

Levell Griffin Jr. defendant at all times hereinafter over stepped his bounds, likewise did the attorney, without Plaintiffs consent or Levert K. Griffin's, both worked outside of their official and unofficial authority. Without Levert's knowledge nor Plaintiffs consent until it was all over, both Defendant's and Attorney turned in Dodge Durango 1998 . . . to Key Bank, Defendant. Jerome L. Holub, Trustee repossessed the Dodge Durango in March 2001, without notifying Plaintiff Levert Griffin, co-signer that he is three (3) payments behind three (3) payments, of five (5) hundred monthly. Plaintiff Levert at the time of repossession did not know that Levell did not make those three (3) payment until April 2001 . . . . Levert states also Levell, Defendant and Key Bank has the title to the Dodge Neon which is payed for, and refuse to turn over to Plaintiff Levert. They are holding without my consent.

[Docket #6 at unnumbered pg. 2]. The only legal authority cited by Mr. Griffin in the pre-trial statement is one brief reference to Ohio Revised Code §2335.39. [Docket #6 at unnumbered pg. 6]. That provision of the Ohio Revised Code addresses when a prevailing party in a civil action against the state may be entitled to recover attorney fees. *See* O.R.C. §2335.39 (Page's 2001). This statute clearly has no relevance to the instant matter.

On April 24, 2002, Levert Griffin filed a pleading captioned "Statement of Facts." [Docket #8]. Through that pleading Mr. Griffin again seems to allege that debtor-defendant turned over the 1998 Dodge Durango to Key Bank without his consent. For instance, Mr. Griffin sets forth the following:

5.) The basis of this action is grounded, and arises from Levell Griffin Jr., Defendant not notifying Plaintiff the he missed three (3) payments and that he turned the Dodge Durango 1998. Likewise Key Bank did not notify Plaintiff it was going to repossess. By their acts it deprived Plaintiff due process of law as well as equal protection of the contract or agreement. Which should have notified the person spending his moneys making the payments for over two (2) year doubling those payments.

6.) Plaintiff's first cause of action is that defendants' and defendant Levell's actions in the original criminal intent proceed constituted to engage a conspiracy to deprive Plaintiff of his constitutional rights with Key Bank, because defendants deliberately omitted to accord Plaintiff his right to make all back payments, or refinance nor liquidation if necessary, as the letters will show as exhibits.

02-05130-mss    Doc 24    FILED 09/26/02    ENTERED 09/26/02 12:23:56    Page 6 of 9

7.) Plaintiff's second cause of action is that defendant's actions is unusual not to notify the co-signor so he can make his back payments where the co-signor had the money and tried to make the payment but did not know which bank to make the payments, when Levell Defendant, deliberately, intentionally, wantonly, in a reckless manner to messup Levert's Plaintiffs good credit, and further to profit gain from chapter 13, directly with the attorneys reckless vehical.

[Docket #8 at unnumbered pgs. 2-3]. Throughout this pleading Mr. Griffin makes references to various provisions of the Ohio Revised Code including §2307.60 (which deals with civil recovery for criminal acts); §2744.02(A)(2) and (B) (which deal with classification of functions of political subdivisions); §4705.06 (which deals with liability of attorneys when suits are dismissed for nonattendance of an attorney) and §2923.34(B), (C) and (E) (which deal with filing of civil proceedings if injury occurs through violation of Ohio's pattern of corrupt activities law). [Docket #8 at unnumbered pg. 2]. These statutes also clearly have no relevance to the instant matter.

As noted above, Levert Griffin's name does not appear on the purchase documents for and title to the 1998 Dodge Durango. Even assuming that Levert Griffin did have some type of arrangement with Key Bank which would obligate it to notify him before the vehicle was sold at auction, an action for breach of that obligation would not be proper as an adversary proceeding in this Court in relation to the bankruptcy proceeding of Levell Griffin. *See* 28 U.S.C. §157(b)(2); FED. R. BANKR. P. 7001. *See also*, *Commercial Sec. Co., Inc. v. L.C. Lyons (In re Leger)*, 4 B.R. 718 (Bankr. 1980) (noting that §1301 of the Bankruptcy Code does not give co-debtors the same protection as the debtor under chapter 13 proceedings). Moreover, any claim that Levert Griffin may have had against debtor-defendant relative to the 1998 Dodge Durango would be properly addressed through the filing of a proof of claim in the main chapter

AO 72A
(Rev. 8/82)

13 case. 11 U.S.C. §101(5). Levert Griffin has never filed a proof of claim in Levell Griffin's chapter 13 case and the deadline for such filing has passed.

Based upon the foregoing, the Court finds that the complaint in this matter fails to set forth any claim upon which relief could be granted. Accordingly, that complaint is hereby dismissed. A final entry of judgment consistent with the Court's findings in this Order will be entered separately.

**IT IS SO ORDERED.**

MARILYN SHEA-STONUM
BANKRUPTCY JUDGE

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that in the _26 TH_ day of SEPTEMBER 2002, the foregoing **ORDER DISMISSING ADVERSARY PROCEEDING FOR FAILURE TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED** was sent via regular U.S. Mail to the following:

**LEVERT GRIFFIN**
P.O. Box 22142
Akron, OH 44302
*Pro-Se Plaintiff*

**LEVERT GRIFFIN**
717 Storer Ave.
Akron, OH 44320
*Pro-Se Plaintiff*

**LEVERT GRIFFIN**
Lorain Correctional Inst.
2075 S. Avon Belden Rd.
Grafton, OH 44044
*Pro-Se Plaintiff*

**KATHRYN WILLIAMS**
**ED BAILEY**
Weltman, Weinberg & Reis Co., LPA
Lakeside Place
323 W. Lakeside Ave., Suite 200
Cleveland, OH 44113-1099
*Counsel for Movant*

**DIANA COLAVECCHIO**
**DARRYL MADDICK**
UAW-Ford Legal Services Plan
8536 Crow Drive
Suite 110
Macedonia, OH 44056
*Counsel for Defendant-Debtor*

Lisa Napoli, *Law Clerk*

AO 72A
(Rev. 8/82)