FILED

02 OCT 11 AM 10: 34

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
AKRON

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 99-53038 |
| | ) | |
| LEVELL GRIFFIN, JR, | ) | CHAPTER 13 |
| | ) | |
| DEBTOR(S) | ) | |
| | ) | |
| LEVERT GRIFFIN, | ) | **ADVERSARY NO. 02-5130** |
| | ) | |
| PLAINTIFF(S), | ) | JUDGE MARILYN SHEA-STONUM |
| | ) | |
| vs. | ) | |
| | ) | |
| LEVELL GRIFFIN, JR. | ) | |
| | ) | **ORDER DENYING PLAINTIFF'S** |
| DEFENDANT(S). | ) | **"MOTION TO RECONSIDER"** |

On September 26, 2002, this Court entered an "Order Dismissing Adversary Proceeding for Failure to State any Claim Upon Which Relief can be Granted" and an "Entry of Judgment." Based upon those entries by the Court, plaintiff's complaint was dismissed. Plaintiff has not filed a notice of appeal in this matter.

On October 9, 2002, plaintiff, *pro se*,[1] filed a 3 page handwritten document that included the following in the caption: "Subject: Request your office correct the errors page (3) item /2 of order." **[Docket #41]**. That document is not clear as to what relief plaintiff might be seeking relative to the Court's September 26, 2002 orders. That document does not set forth any legal authority nor does it explain why plaintiff did not file an appeal of this

AO 72A
(Rev. 8/82)

---

[1] At all times during the pendency of this adversary proceeding plaintiff has acted *pro se*.

43

Court's September 25th decision.  Moreover, there is no certificate of service attached to this filing.  Notwithstanding such deficiencies, the Court will treat that document as a motion seeking reconsideration of the Court's September 25th orders.

A bankruptcy court order dismissing a complaint for failure to state a claim upon which relief can be granted is a final appealable order.  *See, e.g. Heffernan v. Hunter*, 189 F.3d 405, 408 (3rd Cir. 1999) and *Persyn v. United States*, 935 F.2d 69, 74 (5th Cir. 1991).  Once a final, appealable order has been entered by a bankruptcy court, a notice of appeal must be filed "within 10 days after the date of the entry of judgment, order, or decree appealed from." FED. R. BANKR. P. 8002(a).  A motion seeking reconsideration of a final appealable order may *not* be used as a substitute for a party's failure to timely appeal. *Jalapeno Property Mgmt., LLC v. Dukas*, 265 F.3d 506, 516 (6th Cir. 2001).

Based upon the foregoing, the Court finds plaintiff's "motion to reconsider" to be without merit.  Accordingly, it is hereby **DENIED**.  This adversary proceeding will now be closed.

**IT IS SO ORDERED.**

MARILYN SHEA-STONUM
Bankruptcy Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 11TH day of OCTOBER, 2002, the foregoing **ORDER DENYING PLAINTIFF'S "MOTION TO RECONSIDER"** was sent via regular U.S. Mail to:

**LEVERT GRIFFIN**
P.O. Box 22142
Akron, OH 44302
*Pro-Se Plaintiff*

**LEVERT GRIFFIN**
717 Storer Ave.
Akron, OH 44320
*Pro-Se Plaintiff*

**LEVERT GRIFFIN**
Lorain Correctional Inst.
2075 S. Avon Belden Rd.
Grafton, OH 44044
*Pro-Se Plaintiff*

**KATHRYN WILLIAMS**
**ED BAILEY**
Weltman, Weinberg & Reis Co., LPA
Lakeside Place
323 W. Lakeside Ave., Suite 200
Cleveland, OH 44113-1099
*Counsel for Movant*

**DIANA COLAVECCHIO**
**DARRYL MADDICK**
UAW-Ford Legal Services Plan
8536 Crow Drive
Suite 110
Macedonia, OH 44056
*Counsel for Defendant-Debtor*

Lisa Napoli, *Law Clerk*

AO 72A
(Rev. 8/82)

-3-